904 F.2d 46
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Adelle TUELL, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 90-3102.
 United States Court of Appeals, Federal Circuit.
 May 24, 1990.
 
 Before MICHEL, Circuit Judge, BALDWIN, Senior Circuit Judge, SPENCER M. WILLIAMS, Senior District Judge*
 DECISION
 PER CURIAM.
 
 
 1
 Adelle Tuell (Ms. Tuell) appeals the Merit Systems Protection Board's (Board's) denial of her request to have the military service of her deceased husband (Mr. Tuell) included in the computation of her survivor annuity benefits under the Civil Service Retirement System. Tuell v. Office of Personnel Management, Docket No. DA08318910265, slip op. (MSPB June 23, 1989). The Administrative Judge's (AJ's) decision became final November 20, 1989, upon denial of review by the full Board. 5 C.F.R. Sec. 1201.113(b) (1989). The AJ correctly ruled there is no authority permitting Ms. Tuell retroactively to elect a survivor's annuity and to waive a portion of the military retired pay actually given to Mr. Tuell from the time of his military retirement until his death over 15 years later. Thus she could not receive a Civil Service survivor annuity computed on the basis of both the deceased's military and civilian service, but only his civilian service. We affirm.
 
 OPINION
 
 2
 The Military Retired Pay Center of the Department of Defense (DOD) handled Mr. Tuell's military retirement pay and survivor election regarding his military service. Ms. Tuell asserts her husband failed to waive military retirement pay and elect a survivor annuity due to erroneous or incomplete information and mental incapacity. The AJ properly decided the Board lacks jurisdiction to review the DOD's decisions underlying its certification regarding military retired pay status and that any remedy regarding that certification lies with the Secretary of DOD. See Dickson v. Office of Personnel Management, 37 M.S.P.R. 465, 468-69 (1988).
 
 
 3
 Additionally, Ms. Tuell bases her assertion that she should be able to receive an annuity based on her husband's civilian and military service on 5 C.F.R. Sec. 831.301(d)(3) (1990). That regulation, however, provides for a widow(er) to have the deceased's military service included in the survivor annuity computation only if the deceased died "in service." Similarly, the authorizing statute provides that the death must occur "before separation from the service." 5 U.S.C. Sec. 8332(c)(3)(A)(ii) (1988). But Mr. Tuell died April 9, 1981, long after his retirement from military service on July 27, 1965 (and his retirement from civilian service in 1979). Thus the statute and regulation do not apply and cannot authorize Ms. Tuell to elect an annuity and waive a portion of her husband's military retired pay, as he was no longer in the military service at the time of his death.
 
 
 
 *
 The Honorable Spencer M. Williams, Senior District Judge, United States District Court for the Northern District of California, sitting by designation